argument is United States v. Jackson. Mr. Hardwicke. Good morning, Your Honor. May it please the Court. The issue presented in this appeal is whether the First Step Act was intended to categorically bar old law defendants from applying in the district court for compassionate release. This is a question of statutory interpretation. And so the place that the court should start is with the text that Congress passed in 2018 in passing the First Step Act. Mr. Hardwicke, let me ask you a weird technical question. Do you regard the 2018 action by Congress as something kind of in the nature of a repeal of the old 3582c1 and the reenactment of a new 3582c1 with now an option for the defendant with proper exhaustion, of course, to move ahead? In other words, is it really is it a new statute or is it not? Your Honor, it's not a repeal of the old 3581. I think the language in our briefs talking about it as if it were a new statute is just to say in the context of this new procedural vehicle, this specific aspect of the compassionate release when they were not able to do so previously, that that provision needs to be interpreted afresh because the existing portions of the statute change in that context. And the court needs to look at that language as a whole rather than, you know, the old. If there hasn't been a whole brand new statute, why does its language matter? The transition clause in the 1984 legislation as amended in 1987 says that this chapter does not apply to old law And I understand there's a dispute about what this chapter means, whether it's Chapter 2 of the Mammoth Bill in which the Sentencing Reform Act got put or is instead Chapter 227 of Title 28. But it turns out that Section 3582 is in both of those chapters, whether you designate it as Chapter 2 of the Sentencing Reform Act or Chapter 227 of Title 28. This section is part of that chapter. And if it doesn't apply, don't we stop there? Why would the language, why would the precise language of an inapplicable statute matter? Your Honor, to answer your question, 3582 is not a part of the Sentencing Reform Act. The Sentencing Reform Act established 3582. It certainly seems to be part of Chapter 2 of the Sentencing Reform Act. That's where that language comes from. Your Honor, our argument is that the Sentencing Reform Act established 3582. It created the initial ruling. And it was created in the part of the Sentencing Act, the Sentencing Reform Act, that is referred to as this chapter. Your Honor, our view is that there's a distinction between this chapter, meaning the Sentencing Reform Act, and as referring to the actual provisions of the Sentencing Reform Act itself and saying Chapter 227 of Title 18 of the U.S. Code, which, of course, encompasses not just the Sentencing Reform Act, but any future changes that future Congresses would want to make. Look, maybe my question or concern isn't clear. It may well be that the words this chapter in the Sentencing Reform Act do not comprise Chapter 227 of Title 18. They refer only to Chapter 2 of the Sentencing Reform Act. But your problem is that what is now Section 3582 is in Chapter 2 of the Sentencing Reform Act. And so there's this provision. It's an enacted statute declaring that it does not apply to old law defendants. Am I missing something? Your Honor, our view is that the First Step Act is not part of the Sentencing Reform Act. It's not an amendment to the Sentencing Reform Act. It's an amendment to Title 18 of the United States Code, which is the underlying law. That's why I started with the question that I started, because if it were really a brand new statute, just as we got a new statute of limitations for federal civil cases, which we had to sort through which cases did that apply to, and suppose there had been a new amendment and so on. If this had been a brand new out-of-the-blue statute and it started with the words in any case, then I think good textualists would say in any case means in any case. In any case. And so I don't see how you can get what you need without really severing what happened in the First Step Act from the whole mess of the Sentencing Reform Act and everything that had gone on before. And maybe you can do that or not. But I think if it had been a brand new statute, we would have a pretty serious question before us. You know, well, Congress is now coming in and just making a provision about compassionate release. Your Honor, I think the question, whether or not it's a brand new statute, it is a brand new vehicle of relief that never existed before. Congress clearly intended to mark a break from what it was doing in the Sentencing Reform Act. And I don't believe there's anything in the Sentencing Reform Act that was intended to limit future Congress's ability when creating new procedural vehicles or new programs. That would be unconstitutional, which the Supreme Court has said since Fletcher v. Peck, including in cases such as Reichelderfer against Quinn and Dorsey and other grand old cases. So, yes, the earlier Congress, even if it was trying to tie the hands of later Congresses, was not empowered to do so. That's right, Your Honor. And the 2018 Congress did not view its hands as being tied, as can be seen from looking to Section 102B of the First Step Act, where they included a specific exclusion saying that old law defendants would not be eligible for good time credits that were created under the act. And on the government's reading of the Sentencing Reform Act, saying that that would automatically exclude old law defendants from any future changes in the law, there's no reason for that. That provision would be mere surplusage. The only way to make sense of that, as well as the broad language that Congress is using in other portions of the First Step Act, is to understand the restrictions of the Sentencing Reform Act as being limited to the specific provisions that the 1984 Congress had in front of it. Because, of course, those were the only provisions that they could make a reasonable prediction about how far they should apply. Future Congresses were left to their own devices in deciding, should a new program or should a new procedural vehicle be extended to pre-1987 defendants or not? And in different parts of the statute, the First Step Act Congress made different choices about whether they wanted old law defendants to be able to take advantage of the new programs or new procedural vehicles created in that statute. And the silence in Section 6- The only one you've pointed to is Section 3624G. Was that part of, quote, this chapter, close quote, in the 1984 legislation? Yes, Your Honor. I believe it was a part of the Sentencing Reform Act of 1984. And if there are no further questions, I'll reserve the remainder of our time for rebuttal. Certainly, Mr. Hardwick. Mr. Leva. May it please the Court, Edward Leva on behalf of the United States. Section 3582C, which was enacted as part of the Sentencing Reform Act of 1984, has never applied to individuals who committed offenses prior to November 1, 1987. So, Mr. Leva, I have to ask you, I mean, there's a respectable argument either way in this case, and so that's why we're here hearing it. It's odd to me that the government is going to the mats to prevent this tiny group of inmates from exhausting before the Bureau of Prisons and bringing these claims. I mean, of the total number of compassionate release claims that we've seen of late, I mean, it's a drop in the bucket. And particularly since, with the exception of a few people such as Mr. Jackson, who was not eligible for parole, it's always been fairly duplicative anyway. And so to go from a system in which there was duplicated power at the motion of the Bureau of Prisons to a system in which these old inmates are uniquely disadvantaged seems perverse to me. If you look at the title of this section in the Fair Step Act, or First Step, sorry, Fair Sentencing First Step, I don't know. I mean, it's like the government just can't stand to see somebody out of prison for a day, or what? Thank you, Judge. It's the government's position that this is a statutory interpretation case, and the language of the statute— Right, but you don't want to really interpret the statute. I think this case is hilarious, by the way, from the point of view of somebody who may not be quite as wedded to the plain language of the statute as some other people, because it forces the government to say in any case doesn't actually mean in any case. There's a bracket after it. In any case, applying to people sentenced under the provisions of the Sentencing Reform Act, close brackets, the court. And one gets lectures from the Supreme Court about adding language to statutes, and I guess you just add it when it's convenient, huh? Well, Judge, in any case, it existed from the beginning of Section 35. Right, but the referent changed when this was—or the referent easily could have changed. Later, Congress may have had a different vision of what in any case means. But there was—the amendments to Section 235A of the Sentencing Reform Act make clear that the provisions of the Sentencing Reform Act, which include Section 3582C1, would take effect on November 1, 1987. I know, and you're not talking about 2018. I am trying to look at what did Congress mean to do in 2018 when it decided to open the door a crack, not very far actually, but a bit for inmate direct motions for compassionate release. And I don't see much about 2018 in the government's argument other than these sort of general 1987 vintage references to what the statute was referring to. Thank you, Judge. It's the government's position that the First Step Act of 2018 did not create a new statute. I know that's the government's position. I'm asking you why. Well, because when we interpret the statute, we interpret it based on how it was originally drafted and the limitations that have been placed on the statute and that have been recognized by the courts, including this court in United States v. Stewart. So from now on, we should think that the government takes the position that one, in interpreting the statute, ought to take account the history of amendments to that statute and perhaps the history of what people said on the floor of Congress? Well, Judge, I don't know about other cases, but in this particular case, I think that the language that Congress has used is clear, and I think every court that has addressed this issue so far has reached the same— In district courts, in an unpublished Ninth Circuit opinion, this is still a relatively fresh issue. It is, and the government recognizes that the Seventh Circuit has not addressed a particular issue raised here. However, the rationale of the cases— Do you have any sense how many people this applies to? I do not know the answer to that question. I know the defendant has speculated as to the number in its brief, and I think it's reasonable to assume that the number is relatively low, but I do not know the exact number. They thought it was 200 and some, right? I think that's right. At the end of the day— 200 and some what? 200 and some people who were sentenced for pre-1987 crimes were 200 and some who are in that category and not eligible for parole. Oh, that would be much smaller. I should think very small indeed, because the parole board can perform this function for the people in that category and eligible. So do we know how many people are in that category? Judge, I do not know the answer to that question. At the end of the day, the government views this as a statutory interpretation case, and Section 3582C1 has never applied to individuals like the defendant who were convicted of offenses committed prior to November 1st, 1987. The FIRST STEP Act has done nothing to change this longstanding limitation. The defendant was sentenced to life imprisonment for an offense he committed prior to this cutoff date, and because of the date of his offense, his motion is governed by Title 18, United States Code, Section 4205G. By its plain language, that statute does not allow an individual to file a motion for compassionate release on his or her own behalf. Only the Bureau of Prisons, or BOP, is permitted to file these motions, and because the BOP never filed a motion here, the district court correctly denied the defendant's motion for compassionate release. If there are no further questions, I respectfully ask that this court affirm the decision of the district court denying the defendant's motion for compassionate release. Thank you, counsel. Anything further, Mr. Hardwick? Yes, Your Honor, and to address the question that you put to the government, our understanding, and to be clear, this isn't part of the record, but our understanding is that there are about 200 old law defendants total. The number of non-parolable old law defendants, as the court suggested, is lower still. But do you know the answer to my question? How many of the group of people still in prison for pre-1987 offenses are ineligible for parole? I don't know the answer, Your Honor. Okay, so neither side knows the answer. It's fine. Yes. Do you think BOP knows the answer? I hope so. I guess. Your Honor, I would— I hope the Parole Commission knows the answer. I would hope that they do as well, but I don't have any specific knowledge as to that. In fact, it's probably in their annual report. That might be, Your Honor. I think the one last thing I want to do is just pick up on Judge Wood's point, that the government has not addressed the intent of the 2018 Congress. And I think both the textual intent of that Congress, in the specific compassionate release section, as well as its intent in excluding old law defendants from other benefits of the law when it chose to do so, clearly indicates that in 2018, Congress thought that it needed to say something if it wanted old law defendants not to be eligible. And its failure to speak in the context of compassionate release, combined with the significant evidence, both from the bill itself, as well as from the legislative history, as discussed in, for instance, the Second Circuit's decision in Brooker, indicates that there was an intent for this kind of relief to be made broadly available. And even in the district court's short order, it noted that extending compassionate release to inmates like Mr. Jackson has a logical and humanitarian appeal. And I think the court should require more from the government than an inapplicable limitation that applies only to the Sentencing Reform Act in finding that Congress's intent was something else. Thank you very much. Thank you very much, counsel. The case is taken under advisement.